IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ROSALES, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>BANK OF AMERICA, N.A., et al.,<br><br>    Defendants.<br>_____/ | No. C 12-03776 JSW<br><br>**ORDER GRANTING MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT WITH PREJUDICE** |

Now before the Court is the motion to dismiss filed by Defendants Bank of America, N.A., Countrywide Home Loans, ReconTrust Company, N.A. ("ReconTrust"), and Mortgage Electronic Registration Systems ("MERS"), and Citibank, N.A. (collectively referred to as "Defendants"). The Court finds this motion is suitable for disposition without oral argument. *See* N.D. Civ. L.R. 7-1(b). Accordingly, the Court VACATES the hearing scheduled for December 13, 2013. Having considered the parties' pleadings and relevant legal authority, for the reasons set forth in this Order, the Court grants Defendants' motion to dismiss.[1]

**BACKGROUND**

In 1999, Plaintiffs Jose and Maria Rosales ("Plaintiffs") purchased their home at 34 Elkwood Drive, South San Francisco, California 94080 (the "Property"). Plaintiffs have refinanced the mortgage on the Property several times, the last time was on October 6, 2006. (RJN, Ex. E.) The original lender on this loan was Countrywide Home Loans, Inc. and the

---

[1] The Court GRANTS Defendants' request for judicial notice ("RJN"). *See* Fed. R. Evid. 201.

original trustee was ReconTrust. Mortgage Electronic Registration Systems, Inc. ("MERS") was designated as the nominee for the lender. (*Id*., Ex. E.)

Plaintiffs stopped making payments on this loan in October 2010. (Second Amended Complaint ("SAC"), ¶ 14.) On October 3, 2011, ReconTrust recorded a notice of default and election to sell under the deed of trust. (RJN, Ex. F.)

The Court dismissed Plaintiffs' original complaint on the grounds that they failed to plead that they have complied with the tender rule and that their theory that the note and the deed of trust have been irrevocably separated and, thus, Defendants have no ownership interest in the note, failed as a matter of law.

The Court dismissed Plaintiffs' first amended complaint on the grounds that Plaintiffs' complaint failed to comply with Federal Rule of Civil Procedure 8 ("Rule 8"), which requires plaintiffs to "plead a short and plain statement of the elements of his or her claim." Plaintiffs' complaint was excessively long, included attachments randomly placed throughout, and was incredibly difficult to understand. Moreover, Plaintiffs grouped all of the defendants together and failed to allege which defendant engaged in any conduct. Therefore, Plaintiffs failed to provide Defendants fair notice of the claims against them.

Moreover, to the extent the Court deciphered Plaintiffs' legal theories for challenging foreclosure, Plaintiffs failed to state a cognizable claim. Plaintiffs continued to fail to allege that they have satisfied the tender requirement. The Court also found that their theories based on the securitization of the note, MERS' lack of authority, transfers allegedly made in violation of a Pooling Service Agreement ("PSA"), and separation of the note and the deed of trust failed as a matter of law. Finally, the Court noted that Plaintiffs asserted some vague allegations regarding forged or altered documents, but did not clearly set forth the facts underlying this assertion. If Plaintiffs contend that documents have been forged or altered, the Court directed Plaintiffs to clearly allege the facts in support of such allegations and attach the unaltered and altered or forged documents as exhibits to their complaint.

Defendants now move to dismiss Plaintiffs' SAC.

# ANALYSIS

**A.  Applicable Legal Standards for Motion to Dismiss.**

A motion to dismiss is proper under Federal Rule of Civil Procedure 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted.  The complaint is construed in the light most favorable to the non-moving party and all material allegations in the complaint are taken to be true.  *Sanders v. Kennedy,* 794 F.2d 478, 481 (9th Cir. 1986).  The court, however, is not required to accept legal conclusions cast in the form of factual allegations, if those conclusions cannot reasonably be drawn from the facts alleged.  *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994) (citing *Papasan v. Allain,* 478 U.S. 265, 286 (1986)).  Conclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim upon which relief may be granted.  *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 810 (9th Cir. 1988).  Even under the liberal pleading standard of Federal Rule of Civil Procedure 8(a)(2), a plaintiff must do more than recite the elements of the claim and must "provide the grounds of [its] entitlement to relief."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations and citations omitted).  The pleading must not merely allege conduct that is conceivable.  Rather, plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  *Id.* at 570.

**B.  Defendants' Motion.**

Defendants move to dismiss Plaintiffs' claims for failure to state a claim.  Moreover, in light of the fact that Plaintiffs have been given several opportunities to amend their complaint, Defendants request that the dismissal be with prejudice.

Plaintiffs continue to assert legal theories that the Court has determined fail as a matter of law.  Moreover, although the SAC is more clear that the previous complaint, it is still difficult to decipher.  Plaintiffs continue to inset attachments throughout their complaint and fail to differentiate between the conduct of the defendants.  To the extent the Court can decipher Plaintiffs' allegations, the Court will only address the asserted facts and legal theories that are new to the SAC.

3

For the first time, Plaintiffs assert a claim under the Truth in Lending Act ("TILA"). However, despite Plaintiffs' numerous voluminous complaints, Plaintiffs have not alleged a single fact in support of this claim, and thus fail to state a claim. Moreover, giving leave to amend this claim would be futile. Any action for damages under TILA must be brought "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). The Ninth Circuit has determined that this limitations period begins "at the time the loan documents were signed," because at that point the signatory is "in full possession of all information relevant to the discovery of a TILA violation ...." *Meyer v. Ameriquest Mortgage Co.*, 342 F.3d 899, 902 (9th Cir. 2003). Plaintiffs last refinanced in the fall of 2006, almost six years before they initiated this action. Therefore, any claim based on a TILA violation would be time-barred.

Plaintiffs also appear to try to bring a claim relating to a loan modification and the Home Affordable Modification Program ("HAMP"), but again, it is not clear what facts Plaintiffs allege in support of this claim or what Plaintiffs' legal theory is. Plaintiffs allege that they "made several contacts with Bank of America to inquire of the availability of a loan modification...." (SAC, ¶ 15.) Plaintiffs also allege that "the defendant failed to offer a modification agreement which would have cured any alleged default and would have been an absolute defense to foreclosure as required by their acceptance of federal bailout funds pursuant to HAMP, TARP and guidance from the Treasury Department." (*Id.*, ¶ 22.) Plaintiffs do not allege that they ever applied for a loan modification. Moreover, to the extent Plaintiffs did apply for a loan modification, its not clear on what facts and on what law they would rely to contend that Bank of America owed a legal obligation to Plaintiffs to modify their loan. Finally, it is not clear from any of Plaintiffs' complaints or the documents from which the Court may take judicial notice, what role Bank of America played with respect to Plaintiffs' loan received in 2006. In their motion to dismiss, Defendants argue that Plaintiffs fail to state a claim related to any failure to provide a loan modification. In their opposition brief, Plaintiffs fail to clarify the facts or the law supporting their claim relating to a loan modification. In light of Plaintiffs' failure to do so and the fact that the Court already has provided Plaintiffs with several opportunities to amend their complaint, the Court finds that providing yet another

4

opportunity to amend their complaint in an attempt to state a claim relating to a loan modification would be futile.

Because Plaintiffs' complaint fails to comply with Rule 8 and fails to state a cognizable claim, the Court grants Defendants' motion to dismiss.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' motion to dismiss and HEREBY DISMISSES Plaintiffs' complaint with prejudice. A separate judgment shall issue and the Clerk is directed to close the file.

**IT IS SO ORDERED.**

Dated: December 6, 2013



JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

5